## BROWN *v.* ROBERTS.

Where the terms of a court are changed by statute to a later.period, and all writs, &c., are made returnable to the new term, an execution remains in force till the new return day, and a levy made upon it after it is returnable by its terms, will be valid.

A judgment recovered against a demandant in a real action, who has an equitable title only, will not estop him if he afterwards acquires the legal title.

If A. make a note on which B. is surety for him, and C. is surety for A. and B., and A. places in the hands of B. property to pay the note, part of which afterwards comes into the hands of C., and upon a claim by A. upon B. and C. to account for the same property, B. and C. claim before referees, and are allowed a credit for the amount paid on the note, as paid on account of A., C. will be estopped in an action between him and B., to claim that the debt was paid with his own money and not with the money of A.

THIS is a real action, in which the plaintiff claims one undivided half of a tract of land in Ossipee, in this county.

Upon the general issue, it appeared that both parties derive their titles from Moses Colby. The plaintiff claims under an attachment and levy. The defendant claims under a mortgage made after the attachment. The attachment was made on the 5th of April, 1828, and the mortgage on the 2d of August, 1828. Judgment was recovered in the action in which the attachment was made, at January term, 1829, and execution issued January 28, 1829, returnable at the August term, 1829. At the June session of the legislature, 1829, a law was passed changing the August term to October, and making all writs, processes, &c., which were returnable at the August term, returnable at the term in October.

The return of the levy is dated January 31, 1829, but the appraisers were sworn on the 10th of October, 1829, and their certificate of appraisal and the creditors' acknowledgment of seizin bear that date.

An assignment of the execution from E. Hill, the creditor, to E. Wentworth, was proved, dated July 17th, 1829, with a power of attorney to take lawful measures to collect the same.

To the title set up under this levy it was objected that the levy was not made till after the return day of the execution. It ap-

peared that the note on which Hill's judgment was founded, was a joint and several note for $400, signed by John Brown as principal, Moses Colby, the defendant in the suit, and the said E. Wentworth, who were sureties for Brown, and as the evidence tended to shew, Wentworth was also a surety for Colby.

After the levy, and in November, 1829, Brown on the one side and Colby and Wentworth on the other, referred the claim made by Brown against the others, on account of property alleged by him to have been put into their hands to pay the above note and other liabilities they had assumed for him, to two referees. Colby and Wentworth presented to the referees a claim in the handwriting of Wentworth, as follows :

" Jan. 2d, 1828.   Paid $200 on $400 note,                200.00
     Sept. 1829.         "    the remainder, debt and interest,
                              on $400 note in execution,      241.47"
and these claims were allowed by the referees and a balance found in favor of Brown.   It was objected that this claim and allowance showed a payment of the whole note from the property of Brown in September, 1829, and the levy in October following was void; that Wentworth and Colby having received of Brown property sufficient to pay the debt, were to be deemed principals in regard to the note, and payment by either must discharge the note, and consequently the assignment to Wentworth must be void ; that Wentworth and Colby, having both treated the payment upon this execution as a payment upon account of Brown, and not as a purchase on account of Wentworth, Wentworth is estopped to set up a title under his assignment.

These objections were overruled and exceptions saved.

In answer to this view, evidence was introduced tending to show that though, as between Brown on the one side and Wentworth and Colby on the other, Brown had placed in their hands property enough to pay the debt, which they had applied to discharge him, and therefore they were not accountable to him ; yet as between Wentworth and Colby the facts were, that Colby received the property and spent it, and Wentworth paid the debt with his own money, so that as between them the debt was not

all paid. Colby having the funds was the real principal. The execution was against him alone and was not discharged by the payment to Hill, which was the consideration of his assignment.

There was conflicting evidence upon these points, which was submitted to the jury.

It appeared that Moses Colby, by his mortgage of the 2d of August, 1829, conveyed his property to J. Wingate and others, who foreclosed the mortgage, and their title, on the 16th of April, 1838, became vested in A. Rolls, under whom the defendant claims. April 3d, 1841, Wentworth brought a writ of entry against Rolls for the same premises now in controversy, and at December term, 1843, judgment was rendered for the defendant, and that judgment still remains in force. The plaintiff's title, as shown by him, was a deed from Wentworth of July 25, 1843, and a quitclaim deed from E. Hill, dated 24th October, 1845 ; and it did not appear that E. Wentworth ever had a conveyance of the legal title from E. Hill. The defendant contended that the plaintiff was estopped by the recovery in the action, *Wentworth* v. *Rolls,* to claim the property, but the court ruled otherwise and the defendant excepted.

The jury found a verdict for the plaintiff, which the defendant moved to set aside and for a new trial, by reason of said exceptions.

*L. D. Sawyer* and *J. Eastman,* for the plaintiff.

*S. Emerson* and *S. B. Carter,* for the defendant.

BELL, J. In this action the title of the plaintiff rests upon a levy of an execution in favor of E. Hill against M. Colby. The claim of Hill, as it originally was, is not questioned. He had a note signed by John Brown, and by Colby and E. Wentworth as his sureties, upon which his judgment against Colby is founded. One of the objections made by the tenant however is, that before the completion of the levy this debt was paid and the execution was thereby discharged, and the levy consequently passed no

title.  The evidence proved that before the commencement of the suit, Brown placed in the hands of Colby a sufficient amount of property to pay this debt, a large part of which passed into the hands of Wentworth.  The levy was completed on the 10th of October, 1829 ; and after this levy, in November, 1829, Brown on the one side and Colby and Wentworth on the other, referred the claim of Brown against the other two, on account of property alleged to have been placed by him in their hands to pay this and other debts, on which they were sureties for him, to referees; and on the hearing, Colby and Wentworth presented to the referees a claim, in the handwriting of Wentworth, in which, under date of September, 1829, they charge Brown with the sum of $241.47, paid on account of the remainder of the debt and interest on the $400 note and execution.  It was on this debt and execution that the levy in question was made.  It appeared that this claim was allowed by the referees to Colby and Wentworth, and a balance found in favor of Brown.

The tenant then contends, that it appears by these facts that at the time when this levy was completed, the debt on which the execution was issued had been paid and discharged by these sureties with the funds of Brown, the principal debtor, and the execution was thereby discharged and the levy consequently void.  He also contends that as it appeared in the case that Hill, the judgment creditor, assigned this execution to Wentworth, on the 17th of July, 1829, and Wentworth claimed before the referee that this execution was paid and discharged in September, 1829, with the property of Brown, the principal debtor, and they were allowed the amount so paid as a payment on account of Brown, Wentworth, and consequently the plaintiff, who claims under him, are estopped to set up that execution against the defendant, who claims under Colby as an existing process, or the levy made upon it, as a subsisting title.

But the plaintiff meets this position by the statement of his case, as he regards it, which he contends shows a good title in Wentworth as assignee of Hill, of which he is in equity and justice as well as at law entitled to avail himself.  He states,

and his evidence was deemed by the jury to prove, that though Colby was originally a surety for Brown to Hill, Wentworth signed the note at the request of both Brown and Colby, and as surety for both of them, so that though as to Hill, Brown was principal and Colby and Wentworth sureties, yet as between the signers of the note, and so far as Wentworth was concerned, Brown and Colby were joint principals and Wentworth merely a surety for them both.

In July, 1829, Hill had his judgment and execution against Colby, on which he was supposed to have an attachment on the real estate now in question. Colby had kept in his hands a part of the property advanced by Brown to pay this debt, and had failed, so that he was unable to pay or to account for it to Wentworth. Wentworth had property, and to save himself from loss in case Hill should compel him to pay the debt, he raised the money and applied to Hill to purchase this execution, so that he could complete the levy upon Colby's property, and Hill accordingly assigned to him the execution. Wentworth then caused the officer to proceed and complete the levy upon the property for the amount, as he estimated it, of the property of Brown which Colby had retained and applied to his own use, which was of course the amount which Wentworth had paid of his own funds to obtain the assignment from Hill. This amount the jury have found by their verdict not to exceed the true amount retained by Colby, and paid from his own money by Wentworth.

Upon this state of facts the plaintiff contends that Wentworth had a right to require Hill to assign to him the collateral security for his debt, which he had acquired by the attachment upon Colby's land ; that Hill did no more than justice required him to do, and that Wentworth is entitled to hold the real estate taken upon the execution for his indemnity for the money he has advanced in discharge of the joint debt of Brown and Colby.

The question to be decided is, which of these parties is right in his view of the case.

We have decided at the present term, in the case of *Edgerly* v. *Emerson*, 3 Foster's Rep. 555, that a surety may take an as-

signment of an execution upon which the property of the principal is holden, by an attachment for the payment of the judgment debt, and the payment of the amount of the debt to the judgment creditor will not discharge the execution for all purposes, though that is the ordinary effect of the payment of a judgment by any person who is liable for its payment; but the debt will be regarded as a still subsisting debt, for the purpose of upholding the collateral security in the hands of the surety as assignee.

The case of Wentworth, upon the shewing of the plaintiff alone, comes clearly and distinctly within this principle. He was surety for Brown and Colby. He had funds of Brown derived from Colby sufficient to pay most of the debt, but leaving a balance of about $115 not provided for. He asked and obtained from Hill an assignment of the execution, to secure him this balance, which he was compelled to pay from his own means. Upon this state of facts alone he would be entitled to hold the property set off upon the execution.

But at the reference in November, a new state of facts is presented. Brown then called upon Colby and Wentworth to account for the property which he had placed in their hands for the payment of this debt, and the three agreed to refer the decision of this claim to arbitrators. The claim was made by Brown upon Colby and Wentworth, as parties jointly accountable to him for this property. They jointly agreed to submit the question to arbitration. The claim presented against them was for a joint debt, and it does not appear that their joint liability was in any way denied or questioned. The referees found in the hands of the two more than enough to meet all their claims either upon the fund or upon Brown, and awarded to Brown a balance against them. Upon this result we cannot avoid the conclusion, that when the payment was made to Hill of the amount of this debt, Wentworth and Colby had in their hands property of Brown which they were authorized and bound to apply in discharge of this debt, and consequently that they were in no situation to regard themselves as sureties, paying this debt with their own money in part, and therefore entitled for so much to hold the

collateral security of the attachment as purchasers for a valuable consideration, but they were even in equity to be regarded as the agents of Brown, paying his debt with his money. The assignment of the debt, when thus paid, must be entirely nugatory and ineffectual.

If we were to take the most favorable view of the plaintiff's positions, and to consider that Wentworth and Colby were not jointly chargeable for the property advanced by Brown to pay this debt; that Brown and Colby, being both principals as to Wentworth, and that the property placed by Brown in the hands of Colby was merely transferred by one debtor to the other, and that by that transfer Wentworth was in no way affected; that it was not until the property was transferred by Colby to him that he became accountable for it; and that then he became liable to account only for what he actually received, that is, about $115 less than the debt for which he was responsible; and that consequently he paid for the execution to that extent out of his own pocket; it will then be necessary to consider the effect of the proceedings at the reference, upon the rights which we might regard Wentworth as having then acquired from Hill, and the levy subsequently made, supposing the levy to be sufficient and effectual in other respects.

At that reference Colby and Wentworth were called upon to account for property put into *their* hands by Brown. According to the theory now maintained by the plaintiff, Wentworth should have at once denied any accountability for the property which did not come to his hands, and any joint accountability whatever with Colby. He should have taken the ground which the plaintiff now takes; and, according to the positions which he now asserts, he should have agreed to be charged alone for the amount of the property which he had received from Brown through the hands of Colby, and for no more. For that sum he should have accounted by shewing that it had been applied in discharge of Brown's debt, leaving the balance due on the execution for which Colby's land had been set off on the preceding 10th of October. Instead of taking this course he joined with

Colby in presenting to the referees a claim, in his own handwriting, to be credited with the whole amount of Hill's debt, as paid by the two jointly, out of the funds furnished them by Brown, and the whole claim thus presented was allowed by the referees.

Upon what view of his rights, or upon what arrangements between himself and Colby this claim was thus presented, does not appear. Wentworth, as the assignee of Hill and owner of his claim, had the right to consider the payment made by him as a payment made in behalf of Brown, though he had at the time made it on his own account alone ; and having made his election before the referees so to consider it, and having taken before them distinctly and unequivocally the position that this debt was paid by himself and Colby with Brown's money, in September, long after he had taken his assignment in July, we think that Wentworth, and all who claim under him, are concluded and estopped to assert that the debt of Hill was not paid at the time this levy was made.

The judgment in the action *Wentworth* v. *Rolls*, does not conclude the plaintiff. He has all the interest which Wentworth had, but that interest was the equitable right resulting from the assignment by Hill to Wentworth of the debt and judgment, and nothing more. The levy, which, if effectual, would have passed the legal title, would pass it to Hill and not to Wentworth. Such an equitable claim alone could not support a real action. At this time Brown has not only the legal title of Hill, but the equitable title of Wentworth. It was the want of Hill's estate which determined the case against Wentworth in his action against Rolls, and so far as the title which Wentworth then had is concerned, the plaintiff is estopped by that judgment; but as to the legal title, which is alone regarded by courts of law, nothing was then determined, but that it was not then vested in Wentworth. Brown now claims as the assignee of Hill and Wentworth of the legal estate. As to that he is in no way bound by the former judgment, because it was not then in question.

By the statute of January 3d, 1829, changing the terms of the courts in the county of Strafford, which took effect on the

2d of June following, all writs, &c., that should otherwise be returned to the court in August, were required to be returned to the court in October. This law revoked the precept of the writ, and repealed the old law, so that the writ became returnable precisely as if it had been issued returnable in October, and the execution remained in force till that time, and the levy was consequently made in due time. This case has very frequently occurred, and we are not aware that it has ever been regarded otherwise.

*Judgment for the defendant.*